IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT C. JOHNSON,<br><br>**Plaintiff,**<br><br>vs.<br><br>HALFORD MEYER, MD; DAVID M. INGRAHAM, MD; CHERYL, WERE, RN; GENEVA WALTERS, LPN; YVONNE MUNRO, LPN; BOBBIE LEE,<br><br>**Defendants.** | C/A No. 8:22-cv-00214-DCC-JDA<br><br>**AMENDED COMPLAINT**<br><br>(Jury Trial Demanded) |

The Plaintiff, Robert C. Johnson, files this Complaint against Defendants South Carolina Department of Corrections and alleges as follows:

## PARTIES

1. The Plaintiff, Robert C. Johnson (hereinafter referred to as "Plaintiff") is currently a resident of Broad River Correctional Institution, and was, at all times relevant hereto, housed at Broad River Correctional Institution in Richland County South Carolina.

2. Defendant Halford Meyer, MD (hereinafter referred to as "Defendant Meyer") upon information and belief is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

1

3. Defendant David M. Ingraham, upon information and belief, is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

4. Defendant Cheryl Were, RN, (hereinafter referred to as "Defendant Were") upon information and belief, is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

5. Defendant Geneva Walters, LPN, upon information and belief, is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

6. Defendant Yvonne Munro, LPN, upon information and belief, is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

7. Defendant Bobbie Lee (hereinafter referred to as "Defendant Lee"), upon information and belief, is a resident of South Carolina and at all times relevant herein, was responsible for providing medical care and treatment to the Plaintiff.

8. Venue is proper in this Court as a substantial part of the events complained of herein occurred in Columbia, Richland County, South Carolina.

9. The Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, the Eighth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

10. The majority of actions and omissions for which claims are stated herein occurred in the County of Richland, State of South Carolina; therefore, jurisdiction and venue are proper before this Court.

11. Plaintiff is informed and believes that at present it has not been established whether the pre-litigation filing requirements of the Medical Malpractice Reform Act of 2005 are applicable to cases involving governmental entities (§18 of the Act creates an issue as to the act under these circumstances). However, since the incident giving rise to this cause of action occurred after the effective date of the act, the Plaintiff herein is both filing this Summons and Complaint against the Defendants while also complying with the pre-lawsuit procedural requirements provided for by the act, including those provided for in §15-79-120, 15-70-100 and 15-36-100 of the 1976 South Carolina Code of Laws. Should Defendants concede or stipulate (or should it be determined) that the pre-lawsuit procedural requirements are applicable to the causes of action alleged in this case, the Plaintiff concedes that the case should continue pursuant to the Notice of Intent and the applicable provisions of the Medical Malpractice Reform Act of 2005. Additionally, if Defendants concede that the Medical Malpractice Reform Act of 2005 does not apply to them as governmental entities or otherwise, then the Plaintiff will agree to dismiss its Notice of Intent to sue (filed simultaneously herewith) and proceed with this action under the above mentioned complaint.

12. Attached to the Complaint is the Affidavit of Jay B. Krasner, M.D., a physician licensed to practice in the State of Massachusetts; this affidavit is attached pursuant to S.C. Code Ann. § 15-36-100, and is incorporated herein by reference.

## FACTS

13. At all times relevant to the matters complained of Defendant Meyer, Defendant Ingraham, Defendant Were, Defendant Walters, Defendant Munro, and Defendant Lee were all charged with duties, including, but not limited to the duties to provide a reasonably safe

facility, adequate medical care, and otherwise to protect Plaintiff from harm and to remediate harm occurring to him while in custody.

14. Upon information and belief Defendant Walters, Defendant Munro, and Defendant Were, worked in the medical unit at Broad River Correctional Institution and regularly monitored Plaintiff's condition while he was housed at Broad River Correctional.

15. Plaintiff, while in the custody and control of SCDC Broad River Correctional Institution, began to have severe chest pain on or about July 24, 2018.

16. Plaintiff went to medical and was seen by Defendant Meyer at 6:40 p.m.

17. Plaintiff was evaluated and it was determined that he presented multiple risk factors for cardiac distress.

18. On July 25, 2018 Plaintiff returns to medical and is seen again by Defendant Meyer, who evaluates him for chest pain of the left side and tightness.

19. After further assessment of Plaintiff's condition, Defendant Meyer consulted with Defendant Ingraham and it was determined that Plaintiff would need further work up and evaluation to properly care for his condition.

20. Plaintiff continued to rely upon Defendants collectively for his treatment and care while housed at Broad River Correctional.

21. After Plaintiff's being evaluated in July, Plaintiff anticipated that he would begin to receive treatment shortly, however, he was never sent for any additional follow up.

22. On August 17, 2018, Plaintiff presented to Defendant Werre in medical with a serum creatinine level of 2.76 and recommendations from Columbia Nephrology to monitor Plaintiff's levels.

23. On December 19, 2018, Defendant Lee received Plaintiff's lab results and forwarded them to Defendant Meyer.

24. This creatinine level should have indicated to Defendant Lee, and Defendant Meyer that Plaintiff's condition was worsening.

25. Despite Defendants Meyer, Ingraham, Werre, Munro, Walters, and Lee realizing that a substantial risk of serious harm to Plaintiff, Defendants disregarded the several signs.

26. On or about January 1, 2019, Plaintiff was rushed to the emergency department at Prisma Health Richland Hospital presenting with a myocardial infraction.

27. Based upon the facts as set forth herein, the Defendant committed the forogoing deliberately indifferent acts and/or omissions, which constitute a violation of the Plaintiff's rights and a deviation and failure to comply with the appropriate standard of care.

28. As a direct and proximate result of the aforementioned acts and/or omissions on behalf of Defendants, the Plaintiff has unjustifiably suffered, and further, Plaintiff has suffered and continues to suffer ACTUAL and CONSEQUENTIAL damages.

### FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS
**(Violation of the Eighth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983)**

29. All of the above and following facts are incorporated herein by this reference.

30. Each of the individually named Defendants took actions under the color and authority of state law, by which they violated the clearly established basic human rights of the Plaintiff, to receive timely and appropriate medical care while incarcerated, which were at all times relevant to the matters complained of, statutory and constitutional rights of which a reasonable person would have known.

31. The above set forth systemic failures of the Defendants and violations of South

Carolina Department of Corrections policies, procedures, and practices, constitute deliberate indifference, and conscious disregard towards detainees generally and towards Plaintiff in particular, proximately causing Plaintiff's injuries through, at least, the following particulars:

    a. In knowingly and willfully denying proper care to the Plaintiff;

    b. In knowingly and willfully denying Plaintiff the benefit of appropriate medical care despite Plaintiff's open and obvious medical condition and deterioration;

    c. In knowingly and willfully denying appropriate care to Plaintiff;

    d. In knowingly and willfully failing to timely diagnose Plaintiff's coronary artery disease;

    e. In knowingly and willfully failing to treat and address symptoms consistent with angina;

    f. In knowingly and willfully denying the proper assessment, monitoring, and evaluations so as to determine the severity of Plaintiff's condition;

32. Each of the Defendants were aware of objectively substantial risks of harm to the Plaintiff; the Defendants created, maintained and/or continued the existence of these risks; and the Defendants responded to the risks in objectively unreasonable manners.

33. To the extent that it is determined that Defendant(s) committed any wrongful act or omission outside the scope of his or her official capacities, those Defendant(s) are individually liable under 42 U.S.C. § 1983 for their acts constituting a deliberate indifference in violation of the Fourteenth Amendment and cruel and unusual punishment in violation of the Eighth Amendment.

34. Plaintiff is entitled to actual and consequential damages from these Defendants, jointly and/or severally, pursuant to 42 U.S.C. § 1983. Plaintiff is also entitled to the costs of this action pursuant to 42 U.S.C. § 1988, including attorneys' fees as a result of their systemically

willful, wanton, reckless actions and inactions taken in conscious disregard and deliberate indifference to the rights of the Plaintiff.

35. As a direct and proximate result of the aforementioned acts and/or omissions on behalf of the Defendants, the Plaintiff has unjustifiably suffered, and further, the Plaintiff has suffered ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMGES.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully set forth the grounds of their complaint, Plaintiff asks this Court for judgment against the Defendants, both jointly and severally for ACTUAL, CONSEQUENTIAL as to all Defendants, and PUNITIVE DAMAGES as to the individual Defendants, all attorney fees and costs associated with this action pursuant to 42 U.S.C. 1983, and for such other and further relief as this Court may deem fit, just and proper.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**
s/ J. Edward Bell, III
J. Edward Bell, III (#631)
Joshua M. W. Salley (#104243)
219 N. Ridge Street
Georgetown, SC 29440
TEL: (843) 546-2408
FAX: (843) 546-9604
ebell@edbelllaw.com
**ATTORNEYS FOR PLAINTIFFS**

February 7, 2022
Georgetown, SC