IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert C. Johnson, | ) | Case No. 8:22-cv-00214-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MD Halford Meyer, MD David M. | ) | |
| Ingraham, RB Cheryl Were, LPN | ) | |
| Geneva Walters, LPN Yvonne Munro, | ) | |
| Bobbie Lee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Amended Complaint, filed through

counsel, alleging claims pursuant to 42 U.S.C. § 1983. ECF No. 12. In accordance with

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to

United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a

Report and Recommendation ("Report").

On February 21, 2022, Defendant Bobbie Lee filed a Motion to Dismiss. ECF No.

15. On February 28, 2022, Defendants David M. Ingraham, Halford Meyer ("Dr. Meyer"),

Yvonne Munro, Geneva Walters, and Cheryl Were filed a Motion to Dismiss. ECF No.

16. Plaintiff filed Responses in Opposition. ECF Nos. 21, 22. The Magistrate Judge

issued a Report on April 25, 2022, recommending that Lee's Motion be granted and that

the remaining Defendants' Motion be denied as to Dr. Meyer and granted as to all other

Defendants. ECF No. 27. Plaintiff filed objections. ECF No. 28. Ingraham, Halford, Dr.

Meyer, Munro, Geneva, and Were also filed objections, and Plaintiff filed a Reply.  ECF

Nos.  29, 33.

## STANDARD OF REVIEW

The  Magistrate  Judge  makes  only  a  recommendation  to  this  Court.    The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

modify,  in  whole  or  in  part,  the  recommendation  made  by  the  Magistrate  Judge  or

recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection.  *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provides a thorough

recitation of the relevant facts and the applicable law, which the Court incorporates by

reference.  As stated, two objections were filed to the Report.  The Court will address both

sets of arguments.

***Dr. Meyer's Objections***

The Court first turns to the objections filed on behalf of Dr. Meyer.[1]  The Magistrate Judge concluded that the allegations against Dr. Meyer were sufficient to state a claim for deliberate indifference to serious medical needs.  ECF No. 27 at 13–17.  Dr. Meyer objects and argues that Plaintiff has failed to plead facts alleging that Dr. Meyer declined to provide the level of care that Dr. Meyer believed was necessary, that Plaintiff has failed to establish any connection between Dr. Meyer and a violation of Plaintiff's constitutional rights, that Plaintiff has not pled sufficient facts to establish deliberate indifference as opposed to negligence, and that Plaintiff has failed to plead a specific medical need that was known to Dr. Meyer and that Dr. Meyer ignored. ECF No. 29.  Upon de novo review of the Report, the record, and the applicable law, the Court finds that Plaintiff has stated a plausible claim for relief as to Dr. Meyer.

As explained in more detail by the Magistrate Judge, Plaintiff alleges that Plaintiff alleges that Dr. Meyer determined on July 24, 2018, that Plaintiff "presented multiple risk factors for cardiac distress."  ECF No. 12 ¶ 17.  Plaintiff returned to medical the following day and Dr. Meyer evaluated him; Dr. Meyer "determined that Plaintiff would need further work up and evaluation to properly care for his condition."  *Id.* ¶¶ 18, 19.  Dr. Krasner's affidavit clarifies that Dr. Meyer requested a cardiology consultation.  ECF No. 12-1 ¶ 10. On December 19, 2018, Dr. Meyer received Plaintiff's lab results, which should have

---

[1] The Court notes that the objections were filed on behalf of all Defendants that joined in the Motion to Dismiss; however, the only substantive objections concern the recommendation as to Meyer.

indicated to him that Plaintiff's condition was worsening. ECF No. 12 ¶¶ 23, 24. Almost five months after Dr. Meyer's initial evaluation, Plaintiff still had not received a cardiology consultation. On January 1, 2019, still not having received the consultation, Plaintiff suffered a heart attack. *Id.* ¶ 26.

Accordingly, at this procedural posture, the Court finds that Plaintiff has sufficiently stated a deliberate indifference claim against Dr. Meyer. Plaintiff's allegations give rise to a reasonable inference that Dr. Meyer knew that Plaintiff had not received the care that Dr. Meyer himself had determined Plaintiff needed; however, Dr. Meyer failed to take further action to get Plaintiff that care. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (holding that deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk); *Goodman v. Wexford Health Sources, Inc.*, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011) (holding that to prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *id.* ("The plausibility standard is not akin to a probability requirement, but it asks for more than a

sheer possibility that a defendant has acted unlawfully."). Accordingly, the Court overrules Dr. Meyer's objections.[2]

### Plaintiff's Objections

Plaintiff objects to the portion of the Report recommending that the Motions to Dismiss be granted as to Ingraham, Lee, Were, Munro, and Walters. ECF No. 28 at 1. In support of this objection, Plaintiff contends that dismissal at this stage is premature because the parties have not yet developed the facts of the case. Plaintiff requests that the Court hold these Motions in abeyance and allow the facts to be sufficiently explored. ECF No. 28 at 2. Upon review, the Court finds Plaintiff's argument is unpersuasive.

Plaintiff's argument essentially overlooks the function of a motion to dismiss—that is to eliminate claims where a plaintiff has failed to state a plausible claim for relief. Under Plaintiff's reasoning, all claims should proceed to summary judgment on the chance that a claim can be developed through discovery. Such a position is not supported by relevant caselaw or the Federal Rules of Civil Procedure. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (holding that the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6)

---

[2] In a footnote to the objections, Meyer reiterates that he also seeks dismissal because he has "never been served with a summons, complaint, or amended complaint." ECF No. 29 n.2. Contemporaneously with the Report, the Magistrate Judge extended the time to complete service on Meyer until May 19, 2022. ECF No. 26. A summons was returned executed as to Meyer on May 12, 2022. ECF No. 31. Accordingly, it appears this ground for dismissal is moot.

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citation omitted)).

Plaintiff has not specifically objected to the Magistrate Judge's reasoning with respect to dismissal of Ingraham, Lee, Were, Munro, and Walters. Nevertheless, out of an abundance of caution, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and specifically adopts her discussion as to these Defendants. ECF No. 27 at 11–14, 17–18. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. Lee's Motion to Dismiss [15] is **GRANTED**. The remaining Defendants' Motion to Dismiss [16] is **GRANTED in part** as to Ingraham, Were, Munro, and Walters and **DENIED in part** as to Dr. Meyer.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 1, 2022
Spartanburg, South Carolina

6